# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF FLORIDA

# JACKSONVILLE DIVISION



FILED

2017 MAR -8 PM 12:05

RYAN R. TURNER

    PLAINTIFF,

V.

HOME PRO COMPLETE SERVICES LLC AND

CHARLES R. LANCE

    DEFENDANT.

_____/

CASE NO.:
3:17-cv-266-J-20JBT

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. COMES NOW the Plaintiff, RYAN R. TURNER, (hereinafter, "the Plaintiff"), by and through his undersigned counsel and sues the Defendants, HOME PRO COMPLETE SERVICES LLC and Charles R. Lance, (hereinafter, "Defendants"), and states as follows:

## JURISDICTION AND VENUE

2. This is an action to recover money damages for FLSA Retaliation and overtime violations under the laws of the United States pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (hereinafter referred to as "the Act") and 448.110 FLA. STATUTES (Florida unpaid Wages Violation) and retaliation.

3. All Parties are located within the Middle District of Florida, Jacksonville Division. Further the acts complained of took place within this District and Division, therefore in accordance

with 28 U.S.C. § 1391(b), proper venue for this action lies within the Middle District of Florida, Jacksonville Division.

## THE PARTIES

4. Plaintiff was an employee of Defendant, HOME PRO COMPLETE SERVICES LLC and under the direct supervision and management of Charles R. Lance, and at all times relevant to violations of the the Act was engaged in commerce as defined by 29 U.S.C. §§ 206(a) and 207(a).

5. Defendant is a Florida corporation, having its main place of business in St. Augustine, Florida, where Plaintiff worked for Defendants and at all times material hereto was and is engaged in interstate commerce.

6. At all times pertinent to this Complaint, the Employer/Defendant operated as an organization which sells and/or markets its services to customers throughout the United States, and the Employer/Defendant obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, utilized materials and goods produced or entered into interstate commerce, transmitted funds outside the State of Florida, and otherwise regularly engaged in interstate commerce, particularly with respect to its employees.

7. Upon information and belief, the annual gross revenue of the Defendants was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff, by virtue of working in interstate commerce, otherwise satisfies the Act's requirements and the Overtime requirements applicable thereto.

8. At all times material hereto, Defendants, HOME PRO COMPLETE SERVICES LLC and Charles R. Lance, were Plaintiff's "joint employer" for purposes of Plaintiffs overtime and unpaid wages claims.

9. Plaintiff has retained the Malatesta Law Office to represent him in this matter and has agreed to pay said firm a reasonable attorney's fee for its services.

## **GENERAL FACTUAL ALLEGATIONS**

10. The Plaintiff worked for the Defendant from August of 2016 through his termination on December 19th, 2016.

11. The Plaintiff occasionally worked in excess of forty hours a week.

12. The Plaintiff was entitled to overtime or time and a half for his hours in excess of forty hours per week.

13. The Plaintiff was not paid overtime for all hours he worked in excess of forty in a workweek.

14. On at least one occasion in September of 2016, the Defendants intentionally moved approximately five working hours from one week to another to avoid paying the Plaintiff time and a half.

15. The Defendants routinely changed or altered the Plaintiff's working hours to a lesser amount without justification or basis.

16. To the extent that Plaintiff's working hours were lowered arbitrarily without justification, then he may have been denied overtime hours and the compensation thereof by the Defendants due under the Act.

17. Defendants and Plaintiff negotiated a pay raise to $12.00 to be placed into affect beginning the first week of September.

18. Defendants delayed implementation of the negotiated raise for eight pay periods.

19. Work slowed down for the Defendants during December so the Plaintiff was notified by the Defendant via text message that he would be contacted in January as things picked up.

20. The Plaintiff retained some of the Defendants' supplies and a ladder under the assumption he would require these items to continue work in January.

21. The Plaintiff never received any compensation whatsoever for his final 5.5 hours of work with the Defendant on November 26th, 2016.

22. For several weeks, the Plaintiff requested his final paycheck/missing minimum wage compensation from the Defendants, but it was denied/ignored by the Defendants.

23. Without any other options, the Plaintiff contacted the Department of Labor for unpaid final paycheck on December 19th, 2016.

24. Defendants threatened to call the police on the Plaintiff for the "stolen" ladder and supplies in an intimidation tactic intended to deprive the Plaintiff of his rights under the Act and § 448.110.

25. To avoid having the police contacted and receive his final pay check, the Plaintiff returned the ladder on December 19th, 2016.

26. While returning the ladder, the Defendant notified the Plaintiff that he was never getting more work in January and it was "nice knowing him".

## COUNT I: VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

27. Plaintiff realleges Paragraphs 1 through 21 of this Complaint as if fully set forth herein.

28. Plaintiff's employment with the Defendant was to consist of a normal work week for which he should have received time and one-half for his hours worked in excess of the maximum hours provided for in the FLSA.

29. During Plaintiff's employment, he worked hours in excess of forty (40) per week for which he was not compensated at the statutory rate of time and one-half for all of his hours.

30. Records, if any, concerning the number of overtime hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, he will then seek leave of Court to amend his Complaint for Damages to set forth the precise amount due him.

WHEREFORE, the Plaintiff respectfully requests that judgment be entered in his favor against the Defendant:

    a. Declaring that the Defendants, violated the overtime provisions of 29 U.S.C. § 207;

    b. Awarding Plaintiff overtime compensation in the amount calculated;

    c. Awarding Plaintiff liquidated damages in the amount calculated;

    d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

    e. Awarding Plaintiff post-judgment interest; and

    f. Ordering any other and further relief this Court deems to be just and proper.

### Count II: VIOLATION OF 29 U.S.C. § 206 (UNPAID MINIMUM WAGES)

31. Plaintiff realleges Paragraphs 1 through 21 of this Complaint as if fully set forth herein.

32. Plaintiff's employment with Defendants was to consist of a normal workweek for which he was to be compensated at or above the FLSA minimum wage.

33. Plaintiff worked hours for the Defendants for which he was paid below the FLSA statutory minimum wage Moreover, the Defendants paid the Plaintiff nothing as wages for time worked during said week.

34. As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

WHEREFORE, Plaintiff respectfully requests:

    a. judgment in his favor for all five and a half (5.5) hours in unpaid minimum wages;

    b. liquidated damages equal to five and a half (5.5) hours in unpaid minimum wages;

    c. attorney's fees and costs pursuant to the FLSA;

    d. post-judgment interest;

    e. declaratory relief pursuant to the FLSA finding that Plaintiff, was not paid minimum wage for all hours worked as required by the Act;

f. judgment for all amounts which the Plaintiff paid to the Defendants which prevented Plaintiff from being paid the minimum wage "free and clear"; and,

f. all other and further relief this Court deems to be just and proper.

## COUNT II: VIOLATION OF ARTICLE X, § 24, FLORIDA CONSTITUTION AND SECTION 448.110 FLA. STATUTES (Minimum wages, overtime wages and unpaid wages)

35. Plaintiff realleges Paragraphs 1 through 21 of this Complaint as if fully set forth herein.

36. The Plaintiff provided notice pursuant to § 448.110 on January 13th, 2017 (See Exhibit A).

37. Pursuant to Article X, Section 24 of the Florida Constitution, Defendant was required to pay Plaintiff at least the applicable Florida minimum wage for his hours worked.

38. During Plaintiff's employment, Defendants willfully paid him less than the statutory minimum wage for his work hours.

39. Pursuant to § 448.110, Plaintiff is entitled to all of his back pay in accordance with the terms and conditions of his employment including the negotiated increase in his compensation as agreed upon between the parties.

40. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, he will then seek leave of Court to amend his Complaint for Damages to set forth the precise amount due him.

WHEREFORE, the Plaintiff respectfully requests that judgment be entered in his favor against the Defendants:

a. Declaring that Defendants violated Article X §24 of the Florida Constitution and Section 448.110 Florida Statutes, insofar as failing to pay Plaintiff at or above the minimum wages, overtime wages and back pay;

b. Awarding Plaintiff liquidated damages in the amount equal to his back wages;

c. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to Article X, Sec. 24, Fla. Const.;

d. Awarding Plaintiff prejudgment and post-judgment interest;

e. Finding that Defendants willfully violated Article X Fla. Const., and ordering Defendants to pay a $1,000.00 fine to the State of Florida for such willful violation; and

f. Awarding such other and further relief this Court deems to be just and proper.

## **COUNT IV RETALIATORY DISCHARGE**

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1-26.

41. At all relevant times, the Defendant employed Plaintiff within the meaning of the FLSA.

42. Defendant, in violation of the FLSA's retaliatory discharge provision, terminated Plaintiff because he contacted the Department of Labor for assistance with his claim against Defendant for Defendant's failure to compensate him at minimum wage and in a timely fashion in accordance with the terms and conditions of his employment.

43. Pursuant to the FLSA, 29 U.S.C. §201 et seq. and particularly §215(a)(3), it is unlawful for an employer to discharge an employee for protesting a violation of the law by their employers or supervisors.

44. The Defendant's conduct in discharging Plaintiff for protesting a violation of the law by Defendants, as set forth above, violates the FLSA, 29 U.S.C. §201 et seq. and particularly §215(a)(3).

45. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

46. Due to Defendant's FLSA violations, Plaintiff has suffered damages and is entitled to recover from Defendant, without limitation, the payment of wages lost and an additional equal amount as liquidated damages.

WHEREFORE, Plaintiff requests judgment against the Defendant for lost wages, liquidated damages, statutory damages, actual damages, attorney's fees and costs, prejudgment and post judgment interest, and such other and further relief as the court may deem proper.

Plaintiff hereby demands trial by jury.

Respectfully submitted this 6th day of March 2017

FRANK M. MALATESTA, ESQ.
Florida Bar No. 0097080
Malatesta Law Office
871 Venetia Bay Blvd., Suite 220
Venice, FL 34285
941.256.3812 PHONE
888.501.3865 FAX
frank@malatestalawoffice.com